## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | |
|---|---|
| Heather Clark, as Administratrix of the Estate of Nathanael Clark, Deceased, ) ) ) | Civil Action No.: 4:22-cv-02523-RBH |
| Plaintiff, ) ) ) ) ) | **ANSWER OF DEFENDANT INTEGRITY EXPRESS, INC. TO PLAINTIFF'S COMPLAINT** |
| v. ) ) | |
| Integrity Express, Inc. and Ruslan Stadnik ) ) | |
| Defendants. ) _____ ) | |

**TO: PLAINTIFF AND THEIR COUNSEL, MICHAEL L. GOLDBERG, ESQ.**

Defendant Integrity Express, Inc. (hereinafter "Defendant Integrity"), responds to Plaintiff's Complaint as follows:

### FOR A FIRST DEFENSE

1. Defendant Integrity denies each and every allegation of the Complaint not hereinafter admitted, explained, or qualified.

2. Defendant Integrity demands a jury trial as to all issues so triable.

3. Answering Paragraph 1, Defendant Integrity admits only so much of this paragraph as can be construed to alleged that a motor vehicle collision occurred on or about December 7, 2021, on Interstate 95 in Florence County, South Carolina, involving a vehicle being driven by Nathanael Clark, and a vehicle being operated by Defendant Ruslan Stadnik under the operating authority of Defendant Integrity. The remaining allegations of Paragraph 1 of the Complaint make legal statements and conclusions to which no response is required. To the

extent a response is deemed required, Defendant Integrity denies the same and demands strict proof thereof.

4. Answering Paragraph 2, Defendant Integrity admits only that as a result of the collision, Nathaniel Clark suffered personal injuries that resulted in his death. Defendant Integrity is without current knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 2 of the Complaint and therefore, denies the same and demands strict proof thereof.

5. Defendant Integrity is without current knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraphs 3, 4 and 5 of the Complaint, and therefore, Defendant Integrity denies the same and demands strict proof thereof.

6. In response to Paragraph 6 of the Complaint, the Letters of Administration speak for themselves, and Defendant Integrity denies any allegations of this paragraph inconsistent with the express language of the Letters of Administration.

7. Defendant Integrity admits only so much of Paragraph 7 of the Complaint as can be construed to alleged that it is a Florida corporation with its principal place of business in the state of Florida. The remainder of Paragraph 7 states a legal conclusion to which no response is required. To the extent a response is required, Defendant Integrity has submitted to the jurisdiction and venue of this Court.

8. Defendant Integrity admits the allegations of Paragraph 8 of the Complaint.

9. Defendant Integrity admits the allegations of Paragraph 9 of the Complaint.

10. Defendant Integrity admits only so much of Paragraph 10 of the Complaint as can be construed to alleged that Defendant Stadnik was operating the tractor trailer under the operating authority Defendant Integrity. Defendant Integrity is without current knowledge or

information sufficient to form a belief as to the remaining allegations of Paragraph 10 of the Complaint and therefore, denies the same and requires strict proof thereof.

11. Paragraphs 11, 12, 13, 14, and 15 of the Complaint states legal conclusions to which no responses are required. To the extent responses are deemed required, Defendant Integrity is without current knowledge or information sufficient to form a belief as to the truthfulness of these allegations, and therefore it denies the same and demands strict proof. Defendant Integrity is not challenging the personal and subject matter jurisdiction of this Court.

## **FACTS**

12. Upon information and belief, Defendant Integrity admits the allegations of Paragraph 16.

13. Upon information and belief, Defendant Integrity admits the allegations of Paragraph 17.

14. Defendant Integrity lacks sufficient information to form a belief as to the allegations of Paragraph 18 of the Complaint, and therefore, Defendant Integrity denies the same and demands strict proof thereof.

15. Upon information and belief, Defendant Integrity admits the allegations of Paragraph 19 of the Complaint.

16. Defendant Integrity denies the allegations of Paragraph 20 of the Complaint.

17. Defendant Integrity is without current knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 21 of the Complaint, and therefore, Defendant Integrity denies the same and demands strict proof thereof.

18. Defendant Integrity is without current knowledge or information sufficient to form a belief as to the allegations of Paragraph 22 of the Complaint, and therefore, Defendant Integrity denies the same and demands strict proof thereof.

19. Defendant Integrity admits the allegations of Paragraph 23 of the Complaint.

20. Defendant is without current knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 24 of the Complaint, and therefore, Defendant Integrity denies the same and demands strict proof thereof.

21. Defendant Integrity admits the allegations of Paragraph 25 of the Complaint.

22. Defendant Integrity is without current knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraphs 26, 27, 28, 29, 30, 31 of the Complaint, and therefore, Defendant Integrity denies the same and demands strict proof thereof.

23. Answering Paragraph 32, Defendant admits only so much of this paragraph as can be construed to allege that the tractor-trailer operated by Stadnik collided with the Toyota Camry operated by Nathanael Clark. Defendant Integrity is without current knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations of Paragraphs 32 of the Complaint, and therefore, Defendant Integrity denies the same and demands strict proof thereof.

24. Defendant Integrity is without current knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraphs 33, 34, 35, 36, 37, 38, 39, 40, 41, and 42 of the Complaint and therefore, Defendant Integrity denies the same and demands strict proof thereof.

25. Answering Paragraph 43, Defendant admits only that Stadnik collided with Nathanael Clark. Defendant Integrity is without current knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations of Paragraph 43 of the Complaint and therefore, Defendant Integrity denies the same and demands strict proof thereof.

26. Defendant Integrity is without current knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraphs 44, 45, 46, 47, 48, 49, 50 of the Complaint, and therefore, Defendant Integrity denies the same and demands strict proof thereof.

27. Paragraph 51 states a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant Integrity denies the allegations of Paragraph 51 of the Complaint.

28. Defendant Integrity admits the allegations of Paragraph 52 of the Complaint.

29. Paragraph 53 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant Integrity denies any allegations inconsistent with the Federal Motor Carrier Safety Regulations.

30. Paragraph 54 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant Integrity denies any allegations inconsistent with the South Carolina law.

31. Defendant Integrity admits that allegations of Paragraph 55 of the Complaint.

32. Defendant Integrity admits only so much of the allegations of Paragraph 56 of the Complaint as can be construed to allege that the collision in question was investigated by law enforcement. Defendant Integrity is without current knowledge or information sufficient to

form a belief as to the truthfulness of the remaining allegations and therefore, denies the same and demands strict proof thereof.

33.     Defendant Integrity is without current knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraphs 57, 58, and 59 of the Complaint, and therefore, Defendant Integrity denies the same and demands strict proof thereof.

## COUNTS I & II

34.     In response to Paragraph 60, Defendant Integrity reasserts and realleges each and every defense to Paragraphs 1-59 of the Complaint as if set forth herein verbatim.

35.     Defendant Integrity asserts Paragraphs 61-75 of the Complaint are not directed towards Defendant Integrity and therefore, no response from Defendant Integrity is required. To the extent a response is deemed required, Defendant Integrity is without current knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraphs 61-75 of the Complaint, including all subparts, and therefore, denies the same and requires strict proof thereof.

## COUNT III

36.     In response to Paragraph 76, Defendant Integrity reasserts and realleges each and every defense to Paragraphs 1-75 of the Complaint as if set forth herein verbatim.

37.     Defendant Integrity denies the allegations of Paragraphs 77 and 78 of the Complaint.

38.     Paragraphs 79 and 80 states legal conclusion to which no responses are required. To the extent responses are deemed required, Defendant Integrity denies the allegations of these paragraphs and demands strict proof thereof.

39.     Defendant Integrity denies the allegations of Paragraph 81 of the Complaint.

40. Defendant Integrity admits only so much of the allegations of Paragraphs 82, 83, and 84 of the Complaint as can be construed to allege that Defendant Stadnik was operating the tractor trailer in question under the operating authority of Defendant Integrity. Defendant Integrity denies the remaining allegations of Paragraphs 82, 83 and 84 and demands strict proof thereof.

41. Defendant Integrity denies the allegations of Paragraphs 85, 86, 87 and 88 of the Complaint.

## COUNT IV

42. In response to Paragraph 89, Defendant Integrity reasserts and realleges each and every defense to Paragraphs 1-88 of the Complaint as if set forth herein verbatim.

43. Paragraphs 90 and 91 of the Complaint states legal conclusions to which no responses are required. To the extent responses are deemed required, Defendant Integrity admits only so much of these paragraphs that are consistent with state and/or federal law and denies all remaining allegations.

44. Paragraphs 92, 93 94 and 95 states legal conclusions to which no responses are required. To the extent responses are deemed required, Defendant Integrity admits only so much of these paragraphs that are consistent with state and/or federal law and denies all remaining allegations.

45. Defendant Integrity denies the allegations of Paragraphs 96, 97, 98, and 99 of the Complaint.

## COUNT V

46. In response to Paragraph 100, Defendant Integrity reasserts and realleges each and every defense to Paragraphs 1-99 of the Complaint as if set forth herein verbatim.

47.  Defendant Integrity denies the allegations of Paragraphs 101, 102, 103, and 104 of the Complaint.

## DAMAGES

48.  In response to Paragraph 105, Defendant Integrity reasserts and realleges each and every defense to Paragraphs 1-104 of the Complaint as if set forth herein verbatim.

49.  Defendant Integrity denies the allegations of Paragraph 106, 107, 108, and 109.

## FOR A SECOND DEFENSE

50.  Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Integrity Express and therefore should be dismissed pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

## FOR A THIRD DEFENSE

51.  To the extent Plaintiff seeks punitive or exemplary damages, such claims violate Defendant Integrity's rights to due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of South Carolina so as to preclude or limit recovery from Defendants.

## FOR A FOURTH DEFENSE

52.  To the extent Plaintiff seeks punitive or exemplary damages, such claims violate Defendant Integrity's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of South Carolina so as to preclude recovery from Defendants.

## FOR A FIFTH DEFENSE

53.  Defendant Integrity affirmatively includes within this defense the recovery limits of S.C. Code Ann § 15-32-530 and any other limitation on punitive damages allowed by

Federal or State law. Defendant further pleads the protections and requirements of S.C. Code Ann. § 15-32-510 and -520 as a complete or partial bar to Plaintiff's claims for punitive damages against Defendants.

## FOR A SIXTH DEFENSE

54. As a matter or law, Plaintiff cannot recover attorney fees in this action and this request should be stricken from the Complaint.

## FOR A SEVENTH DEFENSE

55. As a matter of law, Plaintiff is not entitled to recover prejudgment interest in this action and this request should be stricken from the Complaint.

WHEREFORE, having fully answered, Defendant Integrity demands a trial by jury and that the Complaint of the Plaintiff be dismissed and Defendant Integrity be granted such other and further relief as may be appropriate in an amount to be determined by the Court.

Respectfully submitted,

TURNER PADGET GRAHAM & LANEY, P.A.


**/s/ Mark B. Goddard**
Mark B. Goddard [Federal ID No.: 9691]
MGoddard@turnerpadget.com
P.O. Box 1473
Columbia, South Carolina 29202
Telephone:    (803) 254-2200

ATTORNEYS FOR DEFENDANT INTEGRITY EXPRESS, INC

DATED: October 5, 2022
Columbia, South Carolina

TPGL 7481491v1