# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| HEATHER CLARK, As Administratrix of the ESTATE OF NATHANAEL CLARK, Deceased,<br><br>    Plaintiff,<br>v.<br><br>INTEGRITY EXPRESS INC. and RUSLAN STADNIK,<br><br>    Defendants. | Civil Action File No.<br>4:22-CV-02523-RBH<br><br>**JURY TRIAL DEMANDED** |

**JOINT DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)(3) AND LOCAL RULE 26.03**

---

The parties propose the following discovery plan as required by Fed. R. Civ. P. 26(f)(3):

(A) What changes should be made in the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.

**ANSWER:** None at this time. Rule 26(a)(1) initial disclosures will be made on or before October 3, 2022.

(B) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.

**ANSWER:**

The parties will conduct discovery on the following subjects:

a) Written discovery related to liability and damages;

b) Third-party discovery to determine all entities involved with the subject load that was being hauled by Integrity Express Inc. and Ruslan Stadnik at the time of the subject collision in order to determine the existence of any additional insurance coverage and/or liability on the part of any third-party;

c) Deposition testimony of the parties, eyewitness, first responders, and investigators;

d) Expert discovery and testimony; and

e) Issues related to damages.

(C) Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

**ANSWER:** No issues anticipated at this time.

(D) Any issues about claims of privilege or of protection as trial-preparation

materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order.

**ANSWER:** No issues anticipated at this time.

(E) What changes should be made in the limitations on discovery imposed under these rules or by local rules, and what other limitations should be imposed.

**ANSWER:** None at this time.

(F) Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).

**ANSWER:** None at this time.

**Local Rule 26.03(A)(1) – Statement of Facts**

This is an action for wrongful death and survival/estate damages which arises out of collision that occurred on December 7, 2021 on Interstate 95 in Florence County, South Carolina wherein a commercial motor vehicle being operated by Defendant Ruslan Stadnik under the motor carrier authority of Defendant Integrity Express Inc. and hauling property in interstate commerce collided with the rear of the vehicle being operated by Decedent, Nathanael Clark. As a result of the collision, Nathanael Clark lost his life.

**Local Rule 26.03(A)(2) – Fact Witnesses**

The following witnesses may be called by Plaintiff and/or Defendants, and are expected to offer testimony regarding the facts and circumstances surrounding

the subject collision, investigation into the collision, and Plaintiff's alleged injuries and damages.

**Heather Clark (Mother of Nathanael Clark)**
Subject:  Mrs. Clark has knowledge regarding the damages in this case including information regarding the life of Nathanael Clark and how his death has affected her and her family.

**Todd Clark (Father of Nathanael Clark)**
Subject:  Mr. Clark has knowledge regarding the damages in this case including information regarding the life of Nathanael Clark and how his death has affected him and his family.

**Halle Clark (Sister of Nathanael Clark)**
Subject:  Ms. Clark has knowledge regarding the damages in this case including information regarding the life of Nathanael Clark and how his death has affected her and her family.

**Hal and Barb Smith (Grandparents of Nathanael Clark)**
Subject:  Hal and Barb Smith have knowledge regarding the damages in this case including information regarding the life of Nathanael Clark and how his death has affected them and their family.

**Dave and Jan Clark (Grandparents of Nathanael Clark)**
Subject:  Dave and Jan Clark have knowledge regarding the damages in this case including information regarding the life of Nathanael Clark and how his death has affected them and their family.

**Ruslan Stadnik (Defendant)**
Subject:  Mr. Stadnik has information regarding the subject collision, his observations at the scene following the collision, his relationship with Infinity Express Inc., the subject load, and the trip he was on at the time of the subject collision.

**Defendant Integrity Express Inc. (Defendant)**
Subject:  Defendant has knowledge regarding the subject collision, its relationship with Defendant Stadnik, the subject load, and its investigation into the subject collision.

### Zoumana Cisse (Involved Driver)
<u>Subject:</u>  Mr. Cisse has information regarding the subject collision and his observations at the scene following the collision.

### Mamadou Coulibaly (Involved Passenger)
<u>Subject:</u>  Mr. Coulibaly has information regarding the subject collision and his observations at the scene following the collision,

### Alyscha Fields (911 Caller)
<u>Subject:</u>  Upon information and belief, Ms. Fields called 911 to report the subject collision and has information regarding same.

### Vladimir Chenkov (Owner – Integrity Express)
<u>Subject:</u>  Mr. Chenkov has knowledge regarding Integrity Express Inc.'s business, the subject collision, Integrity Express Inc.'s relationship with Defendant Stadnik, the subject load, and its investigation into the subject collision.

### Victor Karnauch (Operations Manager – Integrity Express)
<u>Subject:</u>  Mr. Karnauch has knowledge regarding Integrity Express Inc.'s business, the subject collision, Integrity Express Inc.'s relationship with Defendant Stadnik, the subject load, and its investigation into the subject collision.

### TForce Freight Inc.
<u>Subject:</u>  The company has knowledge regarding its involvement with the load being hauled by Integrity Express Inc./Stadnik at the time of the subject collision, its relationship with Crowley, Regeneron, Integrity Express Inc. and Stadnik, and all available insurance coverage.

### Crowley Liner Services d/b/a Crowley Logistics
<u>Subject:</u>  The company has knowledge regarding its involvement with the load being hauled by Integrity Express Inc./Stadnik at the time of the subject collision, its relationship with TForce, Regeneron, Integrity Express Inc. and Stadnik, and all available insurance coverage.

### Rengeron Pharmaceuticals, Inc.
<u>Subject:</u>  The company has knowledge regarding its involvement with the load being hauled by Integrity Express Inc./Stadnik at the time of the subject

collision, its relationship with Crowley, TForce, Integrity Express Inc. and Stadnik, and all available insurance coverage.

**HES Trans Inc.**
Subject:  The company has knowledge regarding its vehicle and driver involved in the subject collision.

**Sergeant T.J. Luther (South Carolina Highway Patrol MAIT)**
Subject:  Upon information and belief, Sgt. Luther investigated the subject collision and has information about his observations at the scene and his determination as to what happened in the subject collision.

**Sergeant J.D. Sisler (South Carolina Highway Patrol MAIT)**
Subject:  Upon information and belief, Sgt. Sisler assisted with the investigation of the subject collision and has information regarding same.

**Trooper E. Demirer (South Carolina Highway Patrol MAIT)**
Subject:  Upon information and belief, Trooper Demirer was on the scene and assisted with the investigation of the subject collision and has information regarding same.

**Trooper J. Jones (South Carolina Highway Patrol MAIT)**
Subject:  Upon information and belief, Trooper Jones assisted with the investigation of the subject collision and has information regarding same.

**Trooper J.R. Anderson (South Carolina Highway Patrol MAIT)**
Subject:  Upon information and belief, Trooper Anderson was on the scene and assisted with the investigation of the subject collision and has information regarding same.

**Trooper Lee (South Carolina Highway Patrol MAIT)**
Subject:  Upon information and belief, Trooper Lee was on the scene and assisted with the investigation of the subject collision and has information regarding same.

**Trooper Young (South Carolina Highway Patrol MAIT)**
Subject:  Upon information and belief, Trooper Young assisted with the investigation of the subject collision and has information regarding same.

**Corporal D.A. Skipper (South Carolina Highway Patrol MAIT)**
<u>Subject</u>:  Upon information and belief, Cpl. Skipper was on the scene and assisted with the investigation of the subject collision and has information regarding same.

**Trooper Joseph Bell (South Carolina Highway Patrol)**
<u>Subject</u>:  Upon information and belief, Trooper Bell investigated the subject collision and has information about his observations at the scene and his determination as to what happened in the subject collision.

**First Sergeant S.S. McKenzie (South Carolina Highway Patrol)**
<u>Subject</u>:  Upon information and belief, First Sgt. McKenzie was the scene supervisor for Troop 5 and has information regarding the investigation of the subject collision his observations at the scene.

**Trooper J.T. Smith (South Carolina Highway Patrol)**
<u>Subject</u>:  Upon information and belief, Trooper Smith was on the scene and assisted with the investigation of the subject collision and has information regarding same.

**Officer L.R. Carter (South Carolina State Transport Police)**
<u>Subject</u>:  Upon information and belief, Officer Carter was on the scene, inspected the involved commercial motor vehicles, assisted with the investigation of the subject collision, and has information regarding same.

**Keith Von Lutcken (Coroner)**
<u>Subject</u>:  Mr. Lutcken was the coroner on scene, assisted in performing death investigation(s), and has information regarding same.

**Florence County EMS**
<u>Subject</u>:  Florence County EMS personnel was on the scene and provided first aid and has information regarding same.

**Windy Hill Volunteer Fire Department**
<u>Subject</u>:  Windy Hill VFD personnel was on the scene and provided first aid and has information regarding same.

**Verizon Wireless**

Subject: The company has knowledge regarding the cell phone records for Ruslan Stadnik and the telematics and video system on the Integrity Express Inc. truck.

**Local Rule 26.03(A)(3) – Expert Witnesses**

The parties have not disclosed any testifying experts.

**Plaintiff:**

Plaintiff may disclose expert witnesses in the fields of accident reconstruction, motor carrier compliance, and/or medical experts. Plaintiff reserves the right t ocall any rebuttal experts.

**Defendant Integrity Express:**

Defendant Integrity Express anticipates potentially disclosing expert witnesses in the fields of accident construction, motor carrier compliance, and/or medical experts. Defendant Integrity Express also reserves the right to call any rebuttal experts for any experts disclosed by Plaintiff.

**Defendant Ruslan Stadnik:**

Defendant Stadnik may disclose experts in the fields of accident reconstruction, motor carrier compliance and medical experts.

**Local Rule 26.03(A)(4) – Claims and Defenses**

**Plaintiff:**

1. Count 1: Negligent operation of vehicle by driver. See e.g. Griffin v. Griffin, 282 S.C. 288, 318 S.E.2d 24 (1984).

2. Count 2: Negligence per se in violating South Carolina traffic laws and Federal Motor Carrier Safety regulations. <u>See</u> <u>e.g.</u> S.C. Code Ann. §§ 56-5-1520, 56-5-1930, and 49 C.F.R. § 392.2.

3. Count 3: Vicarious/imputed liability of employer/motor carrier. <u>See</u> <u>e.g.</u> <u>Proctor v. Colonial Refrigerated Transp.</u>, Inc., 494 F.2d 89 (4th Cir. 1974); <u>Republican Western Ins. Co. v. Williams</u>, 212 Fed.Appx 235 (4th Cir. 2007).

4. Count 4: Negligent hiring, training and supervision of driver. <u>See</u> <u>e.g.</u> <u>James v. Kelly Trucking Co.,</u> 377 S.C. 628, 661 S.E.2d 329 (2008).

5. Count 5: Punitive damages for reckless, wanton and willful conduct and a pattern and practice of engaging in this type of conduct. <u>See</u> S.C. Code Ann. § 15-51-40.

**Defendant Integrity Express:**

Plaintiff's claim for punitive damages violates the Fifth and Fourteenth Amendments to the United States Constitution.

Defendant Integrity affirmatively asserts the recovery limits of S.C. Code Ann. § 15-32-530 and the protections and requirements of S.C. Code Ann. §§ 15-32-510 and 15-32-520.

**Defendant Ruslan Stadnik:**

Plaintiff's claim for punitive damages violates the Fifth and Fourteenth Amendments to the United States Constitution.

Defendant Stadnik also affirmatively asserts the limits of S.C. Code Ann. § 15-32-530 and the protections and requirements of S.C. Code Ann. §§ 15-32-510 and 15-32-520.

**Local Rule 26.03(A)(5) – Proposed Expert Disclosure & Discovery Deadlines**

Not applicable. The parties have consented to the deadlines in Judge Harwell's Scheduling Order. See Order at Dkt 10.

**Local Rule 26.03(A)(6) – Special Circumstances**

**Plaintiff:**

As discussed above, Plaintiff has already begun written third-party discovery and discovery to Defendants to obtain necessary information about the identity of all entities involved with the transportation of the load being hauled by Defendants at the time of the subject collision in order to determine whether any additional insurance coverage is available and/or whether any third-party is also liable to Plaintiff. Plaintiff may seek an extension of the Court's discovery deadlines to the extent the sought-after information is not provided in a timely manner by Defendants and/or the third-parties upon whom discovery has been made.

**Defendant Integrity Express:**

None anticipated at this time.

**Defendant Ruslan Stadnik:**

Stadnik may file a motion to consolidate the discovery in this case with another case involving the circumstances of the same accident, Civil Action No.: 4:22-cv-2549-RBH.

**Local Rule 26.03(A)(7) – Additional Information**

Not applicable.

This 17th day of October, 2022.

| **PLAINTIFF** | **DEFENDANTS** |
|---|---|
| By: /s/ Michael L. Goldberg<br>Michael L. Goldberg<br>(Fed. I.D. # 11144)<br>Brian T. Mohs, Esq.<br>*(Pro Hac Vice Admission)*<br>Fried Goldberg LLC<br>Three Alliance Center<br>3550 Lenox Road, N.E., Suite 1500<br>Atlanta, GA 30326<br>Ph: (404) 591-1800<br>Fax: (404) 591-1801<br>Email: michael@friedgoldberg.com<br>Email: brian@friedgoldberg.com<br>**Attorneys for Plaintiff** | By: /s/ Mark B. Goddard<br>Mark B. Goddard<br>(Fed. I.D. # 9691)<br>Turner Padget<br>Post Office Box 1473<br>Columbia, SC 29202<br>Ph: (803) 254-2200<br>Fax: (803) 799-3957<br>Email: MGoddard@TurnerPadget.com<br>**Attorneys for Defendant**<br>**Integrity Express Inc.**<br><br>By: /s/ Catharine Garbee Griffin<br>Catharine Garbee Griffin<br>(Fed. I.D. # 1052)<br>Baker, Ravenel & Bender, LLP<br>Post Office Box 8057<br>Columbia, SC 29202<br>Ph: (803) 799-9091<br>Fax: (803) 779-3423<br>Email: cgriffin@brblegal.com<br>**Attorneys for Defendant**<br>**Ruslan Stadnik** |